### IN RE: Flor RODRIGUEZ, Debtor.

### Case No. 6:14–bk–09933–CCJ

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Signed December 07, 2015

---

Walter F. Benenati, Walter F. Benenati, Credit Attorney PA, Orlando, FL, for Debtor.

## ORDER GRANTING DEBTOR'S MOTION TO DECLARE THIRD PARTY OWNERSHIP OF CONTENTS IN SAFE DEPOSIT BOX

Cynthia C. Jackson, United States Bankruptcy Judge

This case came before the Court for hearing on November 12, 2015, for consideration of Debtor's Motion to Declare Third Party Ownership of Contents in Safe Deposit Box (Doc. No. 54; the "Motion"), and Superior Debt Recovery, LLC's ("Creditor") Response (Doc. No. 55). For the reasons stated in court, which are set forth below, the Motion is granted.

Debtor, Flor Rodriguez, filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code on August 29, 2014. The Debtor's Petition and Schedules identified that she holds a safe deposit box at Wells Fargo Bank, N.A. (the "Garnishee").

Through the Debtor's Amended Schedules (Doc. Nos.1, 7, 10, 16, 35), she listed the contents of the safe deposit as follows: $5,000 cash belonging to the Debtor's daughter, Rocio Albanes, and $200 Iraqi Dinar and $50 Columbian pesos belonging to the Debtor.

Prior to the petition date, the contents of the Debtor's safe deposit box were garnished by the Creditor pursuant to a default Final Judgment obtained in State Court on a breach of contract claim against the Debtor (the "State Court Action").[1] After the petition date, the Debtor moved to avoid the Creditor's Judgment Lien (Doc. No. 8) under Section 522(f)(1) of the Bankruptcy Code.[2] The Creditor objected to the lien avoidance (Doc. No. 13) and to the Debtor's claim of exemptions[3] (Doc. No. 9), arguing that the Debtor could not claim any exemption in the $5,000 because it did not belong to the Debtor.

A final evidentiary hearing was ultimately held on June 4, 2015, during which the Court found that the $5,000 cash held in the safe deposit box was not property of the bankruptcy estate because it belonged to the Debtor's daughter. As such, the Court held the Debtor could not avoid the judicial lien as to the $5,000. The Court did, however, grant the Debtor's motion to avoid the Creditor's judicial lien as to the foreign currency held in the safe deposit box—the $200 in Iraqi Dinar and $50 in Columbian pesos belonging to the Debtor (Doc. No. 45). In doing so, the Court acknowledged that the foreign currency was exempt property of the bankruptcy estate.

---

1. See Superior Debt Recovery, LLC v. Flor Rodriguez, Case No. 2013-CC-17155-O, in the County Court, of the Ninth Judicial Circuit, in and for Orange County, Florida.

2. 11 U.S.C. § 522(f)(1) provides, in relevant part, that "[n]otwithstanding any waiver of exemptions ..., the debtor may avoid the fixing of a lien on an interest of the debtor in

property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is(A) a judicial lien...."

3. The Creditor subsequently withdrew its Objection when the Debtor withdrew her claim of exemption in the $5,000 (Doc. No. 38).

The day after the June hearing, the Creditor filed a motion in the State Court Action, seeking a final judgment in garnishment subsequent to the bankruptcy. The Creditor's garnishment motion prompted the Debtor to file the present Motion in her bankruptcy case, in an effort to avoid re-litigating issues already resolved by this Court. At the final evidentiary hearing on the Motion, held on November 12, 2015, the Court granted the Motion, emphasizing that it had previously determined that the $5,000 cash held in the safe deposit box belonged, not to the Debtor, but to the Debtor's daughter.

The Creditor cannot argue in bankruptcy court that the contents of the safe deposit box do not belong to the Debtor for the purposes of exemptions and lien avoidance, and then file a motion in State Court, arguing that the contents of the safe deposit box *do* belong to her for the purposes of garnishment. For these reasons, it is ORDERED that the Motion is granted.

ORDERED.